IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAMES THOMAS
MURPHY,

                    Plaintiff,


          v.                         CASE NO.  07-3074-SAC

PHILLIP D.
HYLTON, et al.,

               Defendants.

<u>MEMORANDUM AND ORDER</u>

     This civil rights complaint for damages under <u>Bivens</u> and 28
U.S.C. § 1331, was filed by an inmate of the United States
Disciplinary Barracks, Fort Leavenworth, Kansas (USDB).  Plaintiff
asserts denial of medical care amounting to deliberate indifference
to his serious medical needs in violation of the Eighth Amendment to
the United States Constitution.   Named as defendants are North
Kansas City Hospital (NKCH); Dr. Phillip Hylton; John Doe,
Compliance Officer at  NKCH; and Patrick Higgins, Chief Executive
Officer at NKCH.  Plaintiff alleges he names defendants in their
individual capacities.


<u>PLAINTIFF'S FACTUAL ALLEGATIONS</u>

     As factual support for his complaint, Mr. Murphy alleges that
on January 19, 2006, he went on an "outside medical appointment,"
ordered by an orthopedic surgeon at Munson Army Health Center, to
see Dr. Phillip D. Hylton, Chief of Neurosurgery at NKCH for chronic
neck pain and numbness on the right side of his body.  Plaintiff
alleges he had made repeated complaints in 2005, and was given an

MRI in December, 2005.  He further alleges Dr. Hylton thoroughly examined him, explained his diagnosis in detail, and stated "we can leave it like this and eventually you will end up in a wheel chair" as symptoms progress, or "we could operate to remove the (protruding) disc (in his cervical spine).  Plaintiff elected to have the procedure believing he alternatively risked "permanently being in a wheelchair."  Defendant Hylton told plaintiff to have medical personnel at the USDB telephone to schedule the surgery. Plaintiff alleges that when USDB personnel called, defendant Dr. Hylton refused to perform the surgery unless plaintiff revealed the reason for his incarceration.  Plaintiff asserts that defendant Hylton's refusal to do the surgery put his life in jeopardy, and left him in great pain and with limited range of motion. Thereafter, Dr. Grimes obtained an outside appointment for plaintiff with Dr. Jenny, a neurosurgeon who agreed with the diagnosis and to perform the surgery if plaintiff could not get Dr. Paul Arnold, the "most qualified neurosurgeon."  Plaintiff alleges he saw Dr. Jenny over the next 2 to 3 months, and that intensified physical pain and mental anguish prevented him from eating and sleeping.  Plaintiff further alleges he saw Dr. Arnold in August, 2006, "five months after denial of medical care;" and Dr. Arnold agreed to do the surgery, which was scheduled for October 4, 2006.

Plaintiff alleges on May 22, 2006, he filed a "grievance with the Compliance officer (John Doe) of NKCH and Hylton" claiming denial of medical care.  He complains he received no response to this or another he filed on January 23, 2007.  He alleges defendants John Doe, Patrick Higgins, and NKCH "knew of and disregarded the excessive risk to (his) health" on the theory that defendant John

Doe would have made them aware of his grievances.  Plaintiff claims defendants failed to provide treatment for his diagnosed, serious condition of which Dr. Hylton and John Doe were aware, and the other defendants should have been aware.

Mr. Murphy seeks punitive damages to compensate for "pain and mental anguish he suffered from March 06 to October 06."

## APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account was $61.94 and the average monthly balance was $442.12.  The court therefore assesses an initial partial filing fee of $88.00, twenty percent of the average monthly balance, rounded to the lower half dollar[1].  Plaintiff will be given time to submit the partial filing fee assessed by the court.  If the fee is not submitted in that time, this action may be dismissed without further notice.

---

[1]
Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

**OTHER PENDING MOTIONS**

1.  **MOTIONS FOR APPOINTMENT OF COUNSEL**

Plaintiff's Motion for Appointment of Counsel (Doc. 3),
Affidavit in Support (Doc. 4), Memorandum in Support (Doc. 5), and
Second Motion for Appointment of Counsel (Doc. 8) have been
considered.  Plaintiff has no right to appointment of counsel in a
civil rights action seeking money damages, and the matter is within
the court's discretion.  Plaintiff does not describe any efforts by
him to obtain the services of an attorney.  The court finds that the
motion should be denied, without prejudice, at this time.

2.  **MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff has filed a Motion for Leave to File an Amended
Complaint (Doc. 7), with a copy of the proposed amended complaint
attached.  In his amendment, plaintiff seeks to dismiss Patrick
Higgins as defendant, and add David Carpenter as defendant.  In
support, he alleges he named Higgins thinking he was Chief Executive
Officer of the NKHC, but has since discovered it is actually
Carpenter.  Plaintiff may amend his complaint as of right since the
amendment was filed prior to the issuance of summons and response by
defendants.  Accordingly, the amendment is granted, and the proposed
Amended Complaint shall be filed herein.  This action shall be
dismissed against defendant Patrick Higgins.

3.  **DEFENDANTS' MOTIONS TO DISMISS**

Summons has not yet issued in this case, and plaintiff's
mailing of copies of his filings to defendants has not constituted
service of summons.  However, defendants have each filed Motions to

4

Dismiss (Docs. 10, 12, 14, 15) in reaction to plaintiff's mailings. Plaintiff has not responded to these motions.  The court has not considered evidence, if any, provided in these motions during the screening of this complaint.

**SCREENING**

Because Mr. Murphy is a prisoner, the court is required by statute to screen his complaint[2] and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

1.    **FAILURE TO SHOW EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff states he has not exhausted prison administrative remedies.  He asserts, without citation, that the Supreme Court has stated a prisoner suing under <u>Bivens</u> for money damages does not have to exhaust administrative remedies.  Suits by prisoners are governed by 42 U.S.C. 1997e(a), which pertinently provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, plaintiff is required to exhaust prison administrative remedies prior to filing a civil rights suit under 28 U.S.C. 1331

---

[2]

The court ordinarily orders the issuance of summons if the complaint withstands judicial review during the screening process.

challenging conditions of confinement at the USDB, and admits he has not.  See Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1237-38 (10th Cir. 2005).  A prison inmate's allegation that he was denied medical care is a "condition of confinement" claim.  However, exhaustion of administrative remedies is an affirmative defense, and will not be resolved on screening.

2.   **FAILURE TO ALLEGE VALID BASIS FOR JURISDICTION**

     Plaintiff sues a city hospital, its employees, and a private physician working at the hospital based upon the private physician declining to perform surgery upon him unless he revealed certain information.  Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 and Bivens.  A federal prisoner's remedy under Bivens is against individual federal officials for violation of federal constitutional rights.  None of the defendants are alleged to be federal officers.  No federal or state action is alleged on the part of any named defendant.  It follows that Bivens is not a proper jurisdictional basis for plaintiff's claims.  Nor does a valid basis for jurisdiction appear from the face of the complaint.  The burden of establishing jurisdiction is upon the party asserting jurisdiction.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  The court finds plaintiff's claims against defendants are subject to being dismissed for lack of jurisdiction.

3.   **FAILURE TO STATE CONSTITUTIONAL CLAIM OF DENIAL OF MEDICAL CARE**

     Jurisdiction under 28 U.S.C. § 1331 must be based upon a violation of federal law or the United States Constitution.  Plaintiff asserts he was subjected to denial of medical care

amounting to cruel and unusual punishment under the Eight Amendment to the Constitution.  However, the facts alleged by plaintiff in his complaint, even taken as true, are not sufficient to state a violation of federal constitutional rights.

In brief, plaintiff alleges he was competently examined and advised to have surgery by defendant Dr. Hylton, who thereafter elected not to perform the prescribed surgery without information regarding the patient's criminal offenses.  However, Mr. Murphy was examined and treated by another physician within 3 weeks who prescribed the same surgery, and surgery was scheduled by yet another physician to be performed in October, 2006.

The United States Supreme Court has held that an inmate claiming cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Only such "deliberate indifference" constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." Id. at 104; Riddle v. Mondragon, 83 F.3d 1197, 1203 (10th Cir. 1996).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991).

With respect to the subjective component, a prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).   Thus, complaints that a physician has negligently treated a medical condition or inadvertently failed to provide adequate medical care fail to establish the requisite culpable state of mind, and therefore, fail to state a valid claim of medical mistreatment under the Eighth Amendment.   <u>Id</u>., *quoting* <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991); <u>Estelle</u>, 429 U.S. at 106.   Such medical malpractice is redressable in state court, and does not become a federal constitutional violation merely because the victim is a prisoner.   Moreover, a delay in providing medical care does not violate the Eighth Amendment unless the plaintiff can show it resulted in substantial harm.   <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993); <u>Sealock v. Colorado</u>, 218 F.3d 1205, 1210 (10th Cir. 2000).

Plaintiff does not allege that any prison official or medical professional employed by a federal agency was deliberately indifferent to his medical condition.   On the contrary, he was sent by officials at the USDB to outside specialists.   It appears from plaintiff's own allegations that prison officials and medical staff were aware of and monitored his condition, and saw that he obtained diagnoses and medical care from at least three competent specialists.   Accordingly, the court finds Mr. Murphy fails to allege sufficient facts to state a claim of cruel and unusual punishment under the Eighth Amendment.

**4.   <u>FAILURE TO STATE VIABLE CLAIM FOR MONEY DAMAGES</u>**

Even if plaintiff named individual federal officials as

defendants, he would be barred by the Feres doctrine from obtaining money damages on his claim.   Plaintiff apparently is a military prisoner serving a sentence for a military offense, which indicates his status is that of a "military service member." <u>Sargent v. U.S.</u>, 897 F.Supp. 524, 525-26 (D.Kan. 1995), *citing* <u>Walden v. Bartlett</u>, 840 F.2d 771 (10th Cir. 1988).   He is thus subject to the Feres doctrine.   <u>Id</u>.; <u>see</u> <u>Feres v. United States</u>, 340 U.S. 135 (1950). Furthermore, any injury he claims as having arisen from a lack of medical treatment while he was confined at the USDB is "incident" to his military service.   Accordingly, his suit under 28 U.S.C. 1331 for damages only, would be barred by the Feres doctrine.   <u>Id</u>.; <u>see also</u> <u>Ricks v. Nickels</u>, 295 F.3d 1124 (10th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 1056 (2002).

**5.   <u>FAILURE TO ALLEGES SUFFICIENT PERSONAL PARTICIPATION</u>**

Plaintiff does not allege sufficient personal participation in the alleged denial of medical care by any defendant other than Dr. Hylton.   Neither failure to respond to a grievance nor supervisory capacity are sufficient grounds for liability in a civil rights action.   Plaintiff must allege acts on the part of each defendant which deprived him of his federal constitutional rights.

**<u>SUMMARY</u>**

Plaintiff shall be given time to submit the assessed partial filing fee and to cure the deficiencies in his complaint as discussed above.   If he does not submit the fee and cure the deficiencies in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to submit the partial filing fee of $88.00; and to show cause why this action should not be dismissed for the reasons discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend (Doc. 7) is granted and his attached, amended complaint be filed; and that his Motions for Appointment of Counsel (Docs. 3 & 8) are denied, without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendant Patrick Higgins.

**IT IS SO ORDERED**.

Dated this 23rd day of April, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge